EDWARDS, Judge.
On November 7, 1984, at approximately 9:00 a.m. Louisiana State Trooper M.D. Erwin gave defendant a speeding ticket, charging him with going 74 m.p.h. in a 50 m.p.h. zone. After a trial, the court found defendant guilty, and fined him twenty dollars plus costs. This court denied defendant’s application for supervisory writs, but the Supreme Court granted his application and remanded the case to this court for briefing, argument, and opinion. State v. Heck, 479 So.2d 357 (La.1985).
Defendant claims (1) that the trial court erred by admitting radar evidence of his speed without a proper foundation having been laid and (2) that the evidence against him was insufficient for a conviction.
RADAR EVIDENCE
At trial, Trooper Erwin testified that he had been a police officer for over nine years, that he used the radar gun daily in his work, and had used the particular type of radar with which he clocked defendant for the last five years. He further testified that he had taken a forty-hour class in radar training at the State Police Academy. He stated that on the morning of defendant’s arrest, he had calibrated the radar gun with a tuning fork at 35 m.p.h. and with the internal calibration system, and had determined that the radar gun was accurate. Trooper Erwin said that when he first saw defendant’s car, he appeared to be speeding, and then he clocked him on radar at 74 m.p.h. He further testified that later in the day he checked the radar’s accuracy by the internal calibration mecha *916 nism and found that it was still accurate. Trooper Erwin said that manufacturers’ certificates attesting to the accuracy of both the radar gun and the tuning fork were in his motorcycle at the State Police headquarters.
Defendant claims that to lay a proper foundation for the admission of radar evidence, the State must prove that (1) the particular radar unit was functioning accurately; (2) the device used to test the radar was accurate; (3) if tuning forks were used to test the radar, more than one, each calibrated at a different speed, were used both before and after the arrest; and (4) the officer was properly qualified to operate the radar gun.
We certainly agree that the State must prove the accuracy of the particular radar unit. The controversy in this case, however, centers around what is required to show accuracy.
The accuracy of a particular radar unit can be established by showing that the operator tested the device in accordance with accepted procedures to determine that the unit was functioning properly and that the operator was qualified by training and experience to operate the unit.
The use of calibrated tuning forks, furnished by the manufacturer with each unit, is an accepted method of testing to determine that the set is operating properly and measuring accurately.
State v. Spence, 418 So.2d 583, 588 (La.1982). Based upon this standard, the radar evidence of defendant’s speed was properly admitted. Defendant argues that manufacturers’ certificates attesting to the accuracy of the radar gun and the testing devices must be introduced. Spence makes no such requirement, and we decline to follow case law of other states to create such a rule. Defendant’s complaint that the State did not show that the testing of the radar gun occurred near enough in time and place to the arrest ignores Trooper Erwin’s testimony that he had checked the accuracy of the radar gun that very morning before he stopped defendant.
Defendant next argues that to properly test the radar’s accuracy, more than one tuning fork, each calibrated at a different speed must be used. It does appear from the language of Spence that more than one tuning fork was used. Yet in Spence there was no mention of use of the internal calibration mechanism. We do not believe that State v. Spence is authority for the proposition that radar accuracy cannot be proved by the combination of a tuning fork and the internal calibration mechanism.
As to the officer’s qualifications to operate the radar unit, we note that he had been trained in radar operation at the police academy and that he had been using that particular type of radar daily for the last five years. We conclude that there is no merit to defendant’s claim that the radar evidence lacked a proper foundation.
SUFFICIENCY OF THE EVIDENCE
According to defendant, the radar evidence should not have been admitted, but he argues that even with the radar evidence, the evidence was insufficient. Trooper Erwin testified that he was sure that defendant’s car was the car he clocked at 74 m.p.h., but he admitted that he lost sight of the dark green car he had clocked on radar before he stopped defendant. He said that because there was another dark car in the vicinity he passed defendant’s car to look at it so that he could “give [defendant] the benefit of the doubt.” Based on this, defendant argues that the State did not establish that he was the driver of the speeding car.
The trial court apparently believed Trooper Erwin’s testimony that he was sure that defendant was the speeding driver. Questions of credibility, being fact questions, are not reviewable by this court. La. Const, art. V § 10(B); State v. Williams, 452 So.2d 234, 237 (La.App. 1st Cir.), writ not considered, 456 So.2 161 (La.1984). Under the standard of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), codified in LSA-C.Cr.P. art. 821, and recently reiterated in State v. *917 Martin, 458 So.2d 454, 462 (La.1984), we find that there was sufficient evidence upon which a rational trier of fact could base a conviction, i.e., a finding that all elements of the crime were proved beyond a reasonable doubt. Accordingly the judgment of the trial court is affirmed at appellant’s costs.
AFFIRMED.